■ KATHRYN JORDAN, Appellant, v BATES ADVERTISING HOLDINGS, INC., et al., Respondents. [738 NYS2d 348] —Order, Supreme Court, New York County (Louis York, J.), entered February 6, 2001, which, to the extent appealed from as limited by the briefs, granted defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint alleging sex and disability discrimination, unanimously reversed, on the law and the facts, without costs, the motion denied and the causes of action for sex and disability discrimination reinstated.

In this employment discrimination action, plaintiff alleges that she is over the age of 40 and suffers from multiple sclerosis. In November 1993, plaintiff began her employment as a consultant with the defendant AC&R Advertising, Inc. (hereinafter AC&R), and thereafter, in January 1994, became an Executive Vice-President/Account Planner, Strategic Planner. Subsequently, AC&R became Bates Advertising Holdings, Inc. (hereinafter Bates), and plaintiff applied, and was interviewed for the position of Director of Strategic Planning for Bates. A younger male was ultimately hired for that position, and plaintiff alleges in her complaint that she was subsequently harassed, denied equal terms and conditions of employment and terminated from her position because of her sex, age and disability.

On or about August 1, 1996, plaintiff filed a complaint pro se in federal court against Bates alleging employment discrimination in violation of various federal statutes. Now represented by counsel, plaintiff filed an amended complaint in July 1997, which added AC&R as a party defendant and alleged parallel claims of age, sex and disability discrimination under specific New York State and New York City laws.

By order dated August 6, 1999, the federal court dismissed plaintiff's federal claims with prejudice and dismissed her state claims without prejudice. In particular, the court found that

plaintiff failed to file a timely complaint under federal sex and disability discrimination laws and that her claims under the federal age discrimination law lacked sufficient evidentiary support to defeat defendant's showing of a nondiscriminatory motive for plaintiff's termination.

Plaintiff then commenced the instant action on September 8, 1999, restating her age, sex and disability discrimination claims under New York State laws. Defendants moved to dismiss the complaint on the grounds of statute of limitations and collateral estoppel. The motion court found, inter alia, that plaintiff consented to the dismissal of her sex discrimination claim and that the statute of limitations as to her age and disability claims was not tolled pursuant to CPLR 205 (a) while plaintiff was litigating in federal court since the federal action was not timely commenced. Further, the court determined that plaintiff was collaterally estopped from challenging the federal court's finding that she failed to defeat defendant's showing of a legitimate, nondiscriminatory and economic motive behind her termination on her age, sex and disability discrimination claims.

The trial court erred in dismissing plaintiff's sex and disability discrimination claims as both untimely and barred by the doctrine of collateral estoppel. With regard to timeliness, CPLR 205 (a) provides that a plaintiff may commence a new action in state court within six months of the dismissal of the federal action provided that the federal action was timely commenced and not terminated by final judgment on the merits and that the state action would have been timely at the time of the commencement of the federal action.

Here, plaintiff has timely commenced her state action well within the requisite six-month period and her claims of sex and disability discrimination claims were interposed on a timely basis in the federal action. In her original pro se federal complaint of August 1996, plaintiff expressly included claims and allegations for sex and disability discrimination within the applicable three-year statute of limitations. Her failure to cite specific state and city statutory provisions is not fatal nor did it affect the merits of her claims. This complaint and the subsequent amended pleading filed in July 1997 relating back to the original complaint provided adequate notice of the state claims.

Further, plaintiff's sex and disability discrimination claims were not terminated by a judgment on the merits by the federal court. While the federal court dismissed the age discrimination claim with prejudice, it explicitly dismissed the state sex and disability discrimination claims without prejudice.

Plaintiff is, therefore, not collaterally estopped from litigating her sex and disability discrimination claims in the state court since the federal court made no specific factual determination as to those claims. It is undisputed that the federal court made no analysis of the evidence of sex and disability discrimination inasmuch as these claims were dismissed on statute of limitations grounds. The issue as to the motive behind her termination was raised and decided solely as it related to plaintiff's evidence of age discrimination, and on appeal, plaintiff concedes that she is collaterally estopped from re-litigating her age discrimination claim. In light of the foregoing, plaintiff's causes of action for sex and disability discrimination are reinstated. Concur—Williams, P.J., Lerner, Buckley, Friedman and Marlow, JJ.