■ CIBC Mellon Trust Company, et al., Respondents, v Samuel Montagu & Co. Limited et al., Appellants, et al., Defendants. [810 NYS2d 127]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered August 19, 2005, which, to the extent appealed from, denied the motions by defendants Samuel Montagu & Co. and HSBC Guyerzeller Bank to dismiss the complaint on the ground of collateral estoppel, unanimously affirmed, with costs.

The doctrine of collateral estoppel precludes a party from relitigating an issue decided against him in a prior proceeding where he had a full and fair opportunity to litigate that point. The identical issue must have been necessarily decided in the prior proceeding, and the party seeking the benefit of collateral estoppel bears the burden of demonstrating the identity of the issues in the present litigation and the prior determination (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455-456 [1985]).

The instant action involves, essentially, claims that a series of transactions in 1994 were fraudulent or unnecessary, meant to

satisfy a prior mortgage loan for a hotel located at 136 West 55th Street in Manhattan, and for the purchase of 50% interest in the companies that owned the hotel (defendants Mora Hotel Corp. and Chascona). These transactions were arranged to continue a mortgage lien in favor of the beneficial owners of the hotel and to frustrate the efforts of creditors, such as plaintiffs herein, in order to collect debts owed them from prior judgments. Montagu and HSBC Guyerzeller assert that plaintiffs' claims rest on two assertions previously decided by an English court: that the 1994 transactions were fraudulent, and that they were created for the benefit of one judgment debtor, Marco Gambazzi.

However, the only issue actually decided by the English court was that the money used for the purposes of this series of transactions came from another source, not Gambazzi, thus precluding plaintiffs from moving against one of the companies in the series of transactions (Chinablue Investment S.A.) to collect this money as part of the judgment against Gambazzi, because there was no evidence that Gambazzi was the owner of Chinablue or of the funds it received. The court did not decide the propriety of the 1994 transactions in their entirety, and indeed did not have to reach that question. Although the English court found that plaintiffs' assertions of a conspiracy for the benefit of Gambazzi were "speculation," the court's determination did not turn on the legitimacy of the 1994 transactions, but on the lack of any evidence connecting Gambazzi to Chinablue or the funds. Moreover, contrary to the assertions by Montagu and HSBC Guyerzeller, plaintiffs' instant claims do not depend on a finding that the 1994 transactions were created for the benefit of Gambazzi. Thus, defendants have failed to demonstrate an identity of issues between the English determination and the issues involved in the instant case.

We have examined defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Sullivan and Malone, JJ.