◼ BEATRICE MORRIS, Appellant, v STATE OF NEW YORK, Respondent. [897 NYS2d 59]—

Order of the Court of Claims of the State of New York (Alan C. Marin, J.), entered January 15, 2009, which granted defendant's motion to preclude claimant from litigating the amount of compensatory damages on the claims asserted and limited claimant's potential recovery of compensatory damages to the amount awarded in a prior federal court action, unanimously reversed, on the law, without costs, and the motion denied.

There is no identity of issues between those claims litigated and dismissed against former Correction Officer Eversley in a federal action relating to injuries allegedly resulting from his sexual assault (*see Morris v Eversley*, 282 F Supp 2d 196 [SD NY 2003]) and those the claimant seeks to litigate against the State in the instant action. Claimant now alleges injuries that are separate and distinct from those inflicted by Eversley (*see CIBC Mellon Trust Co. v Samuel Montagu & Co. Ltd.*, 25 AD3d 492 [2006]; *Jordan v Bates Adv. Holdings*, 292 AD2d 205 [2002]), including that the State subjected her to injury by failing to remove Eversley from his position following her complaint, by failing to promptly investigate her claim, and by transferring her to another prison, as well as the claim that the State's negligent training and supervision of Eversley resulted in a pattern of ongoing harassment and intimidation leading up

to and following the actual sexual assault. Although claimant offered testimony in the federal action as to the conduct of the State, the federal court explicitly charged the jury to compensate claimant only for injuries she sustained as a direct consequence of Eversley's conduct, and there is no basis to conclude that the jury considered in its award the amount by which claimant may have been damaged as a result of the State's alleged misconduct. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Acosta and Renwick, JJ.