OPINION OF THE COURT
Richter, J.
In this appeal, we are asked to decide whether plaintiff’s claims of retaliatory termination under the New York State and New York City Human Rights Laws (Executive Law § 290 et seq.; Administrative Code of City of NY § 8-107 et seq.) are barred by collateral estoppel based on a federal court’s dismissal of plaintiffs claims of retaliation asserted under the Family and Medical Leave Act of 1993 (29 USC § 2601 et seq.) (FMLA). We conclude that collateral estoppel does not apply because the state and city retaliation claims asserted in this action are entirely distinct from the FMLA retaliation claims raised and decided in the federal action. On the merits, we find that issues of fact exist as to whether the employer’s stated reason for plaintiffs discharge was a pretext for retaliation. We grant summary judgment, however, dismissing plaintiffs claims of gender discrimination and hostile work environment.
*21 In January 2008, plaintiff Ji Sun Jennifer Kim was hired as an associate attorney in the tax certiorari department of defendant law firm Goldberg, Weprin, Finkel, Goldstein, LLE In January 2009, plaintiff learned she was expecting a child and informed the law firm of her pregnancy. In June 2009, while visibly pregnant, plaintiff was reprimanded by a partner at the law firm for allegedly reading a book during work hours. According to plaintiff, the partner stood extremely close and screamed at her, causing plaintiff to fear that she would be hit.
Plaintiff promptly emailed a complaint about the incident to defendants Arnold Mazel and Barry Zweigbaum, both partners in the law firm. In that complaint, plaintiff alleged that two other attorneys, both male, were engaging in similar behavior at the same time but were not admonished. Plaintiff’s email expressed concern that she was singled out and treated unfairly due to her pregnancy. Defendant Andrew Albstein, the law firm’s managing partner, wrote an email to plaintiff reiterating that reading a book during work hours was inappropriate, and denying that plaintiff was reprimanded due to her pregnancy. Plaintiff also alleges that Mazel told her that she made her situation worse by complaining.
In September 2009, plaintiff took 12 weeks’ maternity leave. Upon her return to work in December 2009, plaintiff began to express breast milk at the office. At some point in February 2010, Zweigbaum, within earshot of plaintiff, is alleged to have made an inappropriate gender-based comment. The next day, plaintiff complained to Zweigbaum and another partner about the offensive remark. Plaintiff alleges that after she complained, Zweigbaum barely spoke to her.
At around the same time, plaintiff asked if she could work a reduced schedule so she could take care of her baby at home, but Mazel denied the request. According to Mazel, February was the tax certiorari department’s busy season, and firm policy did not allow lawyers to work a reduced work schedule. Albstein confirmed that in the previous 10 years, the law firm had never allowed any associate attorney to work part-time. In April 2010, the law firm terminated plaintiffs employment, purportedly for budgetary reasons.
In August 2010, plaintiff commenced an action against defendants in the United States District Court for the Southern District of New York. In her amended complaint, plaintiff asserted that defendants had violated the FMLA. Specifically, plaintiff alleged that defendants interfered with her FMLA *22 rights by denying her February 2010 request for a reduced work schedule (the FMLA interference claim). Plaintiff also claimed that the law firm retaliated against her by terminating her for taking the 12 weeks of maternity leave in 2009, and for requesting the reduced work schedule in 2010 (the FMLA retaliation claim).* The federal complaint also included claims of gender/ pregnancy discrimination, hostile work environment and retaliation under the New York State Human Rights Law and the New York City Human Rights Law.
Defendants moved for summary judgment in the federal action, and in an opinion dated May 4, 2012, the federal court granted the motion (see Kim v Goldberg, Weprin, Finkel Goldstein, LLP, 862 F Supp 2d 311 [SD NY 2012]). The court dismissed the FMLA interference claim, finding that, under the circumstances, the FMLA did not entitle plaintiff to take intermittent leave in the form of a reduced work schedule (id. at 317). The court also dismissed the FMLA retaliation claim to the extent it was based on plaintiffs request for a reduced work schedule (id. at 318). The court concluded that because plaintiff was not entitled to intermittent leave under the FMLA, she was not exercising rights under the FMLA, and thus could not establish a prima facie case for retaliation based on her request for a reduced work schedule (id.).
The court also dismissed the FMLA retaliation claim based on plaintiffs having taken maternity leave, finding that she could not establish a prima facie case (862 F Supp 2d at 318). Specifically, the court concluded that there were insufficient facts to support a causal link between the 2009 leave and plaintiffs termination (id.). The court also found that even if a prima facie case was made out, plaintiff had failed to assert sufficient facts showing that the law firm’s proffered nondiscriminatory reason for her termination was pretextual (id. at 319-321). Having disposed of plaintiff’s federal FMLA claims, the court declined to exercise supplemental jurisdiction over the causes of action under the State and City Human Rights Laws, and dismissed them without prejudice (id. at 321). The federal court’s decision contains no factual or legal findings with respect to the state and city claims.
In 2012, plaintiff commenced this action asserting, as relevant here, causes of action under the State and City Human *23 Rights Laws. In the amended complaint, plaintiff alleged that defendants discriminated against her based on gender/ pregnancy, created a hostile work environment, and discharged her in retaliation for complaining about the alleged discrimination. Defendants moved to dismiss these claims pursuant to CPLR 3211 (a) (7) and (5) for failure to state a cause of action and as barred by collateral estoppel, and for summary judgment pursuant to CPLR 3211 (c). In a decision entered April 25, 2013, the court denied the motion, and this appeal ensued.
On appeal, defendants maintain that plaintiffs state and city claims are barred by collateral estoppel. Under the doctrine of collateral estoppel, a party is precluded from relitigating in a subsequent action an issue clearly raised and decided against that party in a prior action (Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]; Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). To successfully invoke this doctrine, two requirements must be met. First, the issue in the second action must be identical to an issue which was raised, necessarily decided and material in the first action. Second, the party to be precluded must have had a full and fair opportunity to litigate the issue in the earlier action (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128 [2007]). Where a federal court declines to exercise jurisdiction over a plaintiffs state law claims, collateral estoppel can still bar those claims provided that the federal court decided issues identical to those raised by the plaintiffs state claims (see Sanders v Grenadier Realty, Inc., 102 AD3d 460, 461 [1st Dept 2013]). The party seeking to invoke collateral estoppel bears the burden of establishing identity of issue (Auqui v Seven Thirty One Ltd. Partnership, 22 NY3d 246, 255 [2013]).
Applying these principles, we conclude that defendants have not met their burden of showing that plaintiffs state and city claims of retaliatory termination are barred by collateral estoppel. The retaliation claims asserted here are entirely distinct from those raised and decided in the federal action. There, the court only decided whether plaintiff was retaliated against for exercising her FMLA rights. Here, however, plaintiff does not claim retaliation based on her exercise of FMLA rights, but instead alleges retaliation, under the State and City Human Rights Laws, based on entirely different instances of protected activity. Specifically, plaintiff alleges she was discharged for filing a written complaint about her reprimand for allegedly reading a book during work hours, and for verbally complaining about an alleged inappropriate comment. Because the federal *24 court’s decision did not address either of these claimed bases for retaliation, it cannot be said that the federal action “necessarily decided” the same issues raised by the state and city retaliation claims, and thus collateral estoppel does not apply (Welsbach Elec. Corp., 9 NY3d at 128 [internal quotation marks omitted]).
Defendants argue that collateral estoppel applies because the federal court, in addressing whether there was an FMLA violation, found insufficient facts to conclude that discrimination played a role in the law firm’s decision to terminate plaintiff. A careful reading of the federal opinion makes clear that the court’s finding was made solely in the context of analyzing the discrete claim of retaliation under the FMLA. Indeed, this was the only question adjudicated by the federal court. Notably, the court’s statement, relied on by defendants, is contained in the part of its opinion entitled “Retaliation for [plaintiffs] 2009 leave” (862 F Supp 2d at 318), and the only protected activity addressed by the court was plaintiff’s taking her maternity leave. As noted, the court did not mention, let alone engage in any analysis of, the distinct instances of protected activity that form the basis of plaintiffs state and city claims. Because the federal court never addressed the retaliation claims asserted in this action, and never addressed the issue of pretext in the context of those claims, its conclusions cannot serve as a collateral estoppel bar.
Our decision in Jordan v Bates Adv. Holdings (292 AD2d 205 [1st Dept 2002]) compels this result. In Jordan, the plaintiff brought an action in federal court alleging age, sex and disability discrimination under federal, state and city antidiscrimination laws (id. at 205). The federal court dismissed the federal sex and disability claims on procedural grounds as untimely, and dismissed the federal age claim on the merits, finding that there was insufficient evidence to defeat the defendant’s showing of a nondiscriminatory motive for the plaintiffs discharge (id. at 205-206). The federal court declined to exercise jurisdiction over the state and city claims and dismissed them without prejudice (id. at 205).
The plaintiff in Jordan then brought an action in state court alleging age, sex and disability discrimination under state and city laws (292 AD2d at 206). The motion court dismissed these claims, finding, inter alia, that the plaintiff was collaterally estopped based on the federal court’s findings as to the nondiscriminatory reasons for her termination (id.). We re *25 versed, to the extent appealed from as limited by the briefs, concluding that the plaintiff was not collaterally estopped from litigating her sex and disability claims because the federal court made no specific factual determination as to those claims (id. at 207). We further found that the federal court’s findings as to the motive behind the plaintiffs termination were made solely in the context of the age discrimination issue, and could not collaterally estop her from asserting her sex and disability claims in state court (id.). A similar result is warranted here, and the federal court’s dismissal of the FMLA retaliation claims cannot collaterally estop plaintiff from litigating her distinct state and city retaliation claims.
On the merits, the motion court properly denied defendants’ motion to dismiss the retaliation claims. There is no dispute that plaintiff engaged in protected activity by making two complaints opposing discriminatory treatment. Similarly, there is no question that the law firm’s termination of her constitutes an adverse or disadvantageous employment action (see Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]). After the first complaint, plaintiff alleges she was told by Mazel to refrain from complaining in the workplace, and following the second complaint, plaintiff claims that Zweigbaum barely spoke to her again. In addition, plaintiffs termination two months after the second complaint may establish the necessary causal nexus between the protected activity and her discharge (see Ashok v Barnhart, 289 F Supp 2d 305, 315 [ED NY 2003] [“A period of only two months between a protected activity and an adverse action may permit a reasonable jury to find the acts to be temporally proximate and causally related”]; Lamberson v Six W. Retail Acquisition, Inc., 122 F Supp 2d 502, 512 [SD NY 2000] [employee’s discharge two months after making complaints was sufficiently close in temporal proximity to infer a causal connection]).
Although defendants articulated a nonretaliatory reason for plaintiffs termination, namely a workforce reduction, triable issues of fact exist as to whether that stated reason was a pretext for retaliation, and whether, absent a retaliatory motive, the law firm’s decision to terminate her would have occurred (see Sandiford v City of N.Y. Dept. of Educ., 22 NY3d 914, 916 [2013]). The record contains evidence that at the time plaintiff was terminated, the law firm’s tax certiorari department was expanding. According to plaintiff, at the time she was let go, the department was “busier than ever.” Mazel confirmed this, *26 testifying that the department had filed a record number of applications in 2010, more than in each of the previous 10 years. Plaintiff also points to evidence showing that the law firm hired a new attorney to work in her department shortly before her termination, that she was subsequently replaced by an attorney transferred from another department, and that the firm hired another attorney for the tax certiorari department a few months after she was discharged. Viewed in the light most favorable to plaintiff, this evidence is sufficient to defeat summary judgment on the retaliation claims.
However, dismissal of the hostile work environment claim is warranted. There is no view of the evidence that any conduct by defendants was severe or pervasive enough to create an objectively hostile or abusive environment, within the meaning of the State Human Rights Law (see Chin v New York City Hous. Auth., 106 AD3d 443, 444-445 [1st Dept 2013], lv denied 22 NY3d 861 [2014]). Plaintiff cites only isolated remarks or incidents, and her being reprimanded for reading a book. Plaintiffs claim that she was treated differently after returning from maternity leave is too vague to constitute evidence of a hostile work environment. Nor can plaintiffs hostile work environment claim be sustained even under the City Human Rights Law, since a reasonable person would consider the complained-of conduct nothing more than “petty slights and trivial inconveniences” (Williams v New York City Hous. Auth., 61 AD3d 62, 80 [1st Dept 2009] [internal quotation marks omitted], lv denied 13 NY3d 702 [2009]).
Finally, plaintiffs claim of gender/pregnancy discrimination should be dismissed. In her brief on appeal, the only discriminatory act alleged is the denial of plaintiffs request for a modified work schedule. However, the evidence in the record establishes that the law firm’s policy did not allow for a reduced schedule for any attorney, and that the firm had not permitted any associate attorney to work part-time in the past 10 years. Thus, plaintiff is unable to establish that she suffered unequal treatment in the terms and conditions of her employment under the State Human Rights Law, or that she was treated less well than other employees under the City Human Rights Law (see Short v Deutsche Bank Sec., Inc., 79 AD3d 503 [1st Dept 2010]).
Accordingly, the order of the Supreme Court, New York County (Louis B. York, J.), entered April 25, 2013, which, to the extent appealed from, denied defendants’ motion to dismiss, or for summary judgment dismissing, the complaint alleging *27 gender/pregnancy discrimination, hostile work environment, and retaliatory termination under the State and City Human Rights Laws, modified, on the law, to grant the motion to the extent of dismissing the claims of discrimination and hostile work environment, and otherwise affirmed, without costs.
Gonzalez, RJ., Friedman, Renwick and Freedman, JJ., concur.
Order, Supreme Court, New York County, entered April 25, 2013, modified, on the law, to grant the motion to the extent of dismissing the claims of gender/pregnancy discrimination and hostile work environment, and otherwise affirmed, without costs.

 Under the FMLA, a plaintiff may raise separate claims for interference with FMLA rights and for retaliation against the exercise of those rights (see Di Giovanna v Beth Israel Med. Ctr., 651 F Supp 2d 193, 198-199 [SD NY 2009]).