McCormick v NYU Langone Med. Ctr. (2020 NY Slip Op 05456)





McCormick v NYU Langone Med. Ctr.


2020 NY Slip Op 05456


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Kapnick, J.P., Oing, Scarpulla, Shulman, JJ. 


Index No. 155468/2016 Appeal No. 11971 Case No. 2020-00824 

[*1]Victoria McCormick, Plaintiff-Respondent,
v
NYU Langone Medical Center, et al., Defendants-Appellants.


Schoeman Updipe Kaufman & Gerber LLP, New York (Steven Gerber of counsel), for appellant.
Brody, O'Connor & O'Connor, New York (Scott A. Brody of counsel), for respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about December 2, 2019, which, to the extent appealed from, denied the motion by defendant NYU Langone Hospitals (s/h/a NYU Langone Medical Center and NYU Hospital Center) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff commenced this action pursuant to Labor Law § 741, alleging that defendant terminated her employment as a respiratory therapist in retaliation for her filing of a complaint with the State Department of Health (DOH), on May 22, 2015, about an event that occurred at the hospital on May 21, 2015.
Defendant failed to establish prima facie that its termination of plaintiff's employment was not motivated by a retaliatory animus (see Labor Law §741[2][a]). Defendant relies on the absence of evidence that it knew when it fired her that plaintiff had filed such a complaint (see Bendeck v NYU Hosps. Ctr., 77 AD3d 552 [1st Dept 2010]). However, defendant did not submit an affidavit or other sworn statement by Charles Catanzaro, the person who decided to fire plaintiff. Thus, it cannot be determined that, as a matter of law, Catanzaro did not know about the DOH complaint at the time of his decision.
In any event, regardless of defendant's proof of nonretaliatory reasons for the termination, plaintiff raised an issue of fact as to whether defendant knew of her DOH complaint at the time of her termination and whether she would have been fired absent a retaliatory motive (e.g. Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein LLP, 120 AD3d 18, 25-26 [1st Dept 2014]). Plaintiff submitted evidence of a May 30, 2015 anonymous call to defendant's internal complaint hotline in which the caller used the term "whistleblower" to describe plaintiff and said that plaintiff was going to be fired as a result of blowing the whistle. While defendant argues that the anonymous caller could not have been at management level because the decision to terminate plaintiff's employment was made on May 29, the day before the call, the termination letter from Catanzaro to plaintiff is dated June 1. Thus, a management-level caller could have made the anonymous call on May 30. 
The motion court correctly declined to dismiss the complaint pursuant to Labor Law § 741(3) (see Skelly v New York City Health & Hosps. Corp., 161 AD3d 476 [1st Dept 2018]). The record shows that plaintiff had reason to believe, in good faith, that reporting the matters at issue to defendant before bringing them to the attention of
DOH would not have resulted in corrective action.
We have considered defendant's remaining arguments, including the hearsay argument and the argument about the grievance process, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020