■ STANLEY ROSS, Respondent, v MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, Appellant.—Order of the Supreme Court, New York County (Andrew R. Tyler, J.), entered March 29, 1988, which denied defendant's motion for summary judgment, unanimously reversed, on the law, and the motion is granted, with costs.

This action for damages by plaintiff physician against defendant medical malpractice insurer is based on defendant's refusal to defend plaintiff against a medical malpractice action in which a default judgment was entered against him. Defendant justifies its refusal to defend on plaintiff's failure to notify it of the malpractice action until after the default

judgment had been already entered, this in violation of a policy condition that required plaintiff to immediately forward to defendant any summons or other process to enforce a claim covered by the policy. Defendant moved for summary judgment, arguing that plaintiff's breach of this notice provision was collaterally established in the malpractice action upon the denial of a motion therein by plaintiff to vacate the default judgment. In support of that motion to vacate the default, plaintiff asserted that he notified defendant of the commencement of the malpractice action in compliance with his obligation to do so under the policy, and thus believed that defendant was protecting his interests in the matter; the court, however, finding that plaintiff had "totally ignore[d]" the malpractice action, rejected his proffered excuse that he believed defendant was attending to the matter as "inconceivable" and "not worthy of belief", and refused to vacate the judgment. Notwithstanding this adverse finding on the issue of his compliance with the notice provision of the policy, plaintiff now argues that he should not be collaterally estopped to assert such compliance since procedure opportunities are available to him in this action that were not available on the motion to vacate the default judgment, namely, the right to be "judged by a jury of his peers" on the basis of live testimony, and not by a Judge on the basis of conflicting affidavits with respect to an issue that, in the main, turns upon credibility.

This argument is without merit, based as it is on the mistaken premise that "oral testimony is not permitted on a motion" (see, CPLR 2218). On the question of whether he gave notice to defendant of the malpractice action sufficient to put him in compliance with the policy, plaintiff would be no more entitled to a hearing in this action than he was on the motion to vacate the default judgment. In both instances, a trial would be warranted only if a triable issue of fact is raised, and in neither instance does an adjudication without a hearing imply less than a full and fair opportunity to raise and litigate triable issues. "It is fundamental that a motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue (see, e.g., CPLR 2218)." (People v Gruden, 42 NY2d 214, 215.) The issue that plaintiff raised on the motion, which is identical to that raised in this action, was decided without a hearing not because of any procedural impediments to a hearing but because, in the view of the court that decided it, his papers were not suffi-

ciently meritorious to warrant a hearing. If this was error, it can only be challenged directly on appeal, not collaterally in a different action. Concur—Kupferman, J. P., Milonas, Kassal, Ellerin and Wallach, JJ.