■ Violet Peterkin, Respondent, v Episcopal Social Services of New York, Inc., Appellant. [808 NYS2d 31]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 18, 2004, which, to the extent appealed from, denied that portion of defendant's motion which sought to dismiss plaintiff's claims for age discrimination, unanimously reversed, on the law, without costs, and that portion of defendant's motion granted.

Plaintiff, a former employee of defendant, commenced a prior

action against defendant in federal court asserting multiple causes of action to recover damages for employment discrimination. In that action, brought in the Southern District of New York, plaintiff claimed that defendant discriminated against her based on her race and nationality in contravention of federal, state and local law, and that defendant retaliated against her for engaging in protected activity. Additionally, plaintiff claimed that defendant discriminated against her based on her age in violation of the New York State and New York City Human Rights Laws (Executive Law § 296; Administrative Code of City of NY § 8-107).

The District Court (Alvin K. Hellerstein, J.) granted defendant summary judgment dismissing plaintiff's claims of discrimination based on federal law, and dismissed the remainder of her claims, those based on state and local law, for want of subject matter jurisdiction. In its oral decision, the District Court found that there was no proof of race, national origin or age discrimination, and no proof of retaliation. Moreover, the court determined that defendant had a legitimate reason for taking adverse employment actions against plaintiff, namely, unsatisfactory job performance. The court stated, in pertinent part, that "[t]he mistakes that [plaintiff] acknowledged she made were mistakes that led to the employment action, and she cannot complain about that. It is not based on any discrimination against the protected status but rather an action based on a perception of job performance."

Plaintiff subsequently commenced the instant employment discrimination action against defendant in Supreme Court, New York County, alleging retaliation and age discrimination in violation of Executive Law § 296 and Administrative Code § 8-107. These claims stem from the same alleged conduct that was the subject of the prior federal action.

Defendant moved for dismissal of the complaint in its entirety pursuant to CPLR 3211 on the ground that the action was barred by the doctrine of collateral estoppel. Supreme Court, among other things, denied that portion of the motion which sought dismissal of the claims for age discrimination, finding that the merits of these claims had not been addressed by the District Court. This appeal ensued.

To be sure, the District Court's statement that there was no proof of age discrimination was not essential to its conclusion that defendant was entitled to summary judgment on plaintiff's federal claims of race and national origin discrimination (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984] [issue to be given conclusive effect under collateral estoppel doctrine must

have been material to first action and essential to decision rendered therein]). The District Court, however, unequivocally found that plaintiff's inadequate job performance provided defendant with a legitimate, nondiscriminatory reason for the adverse employment actions it took against plaintiff. This alternative ground for the District Court's decision was actually litigated, squarely addressed and specifically decided, and equally defeats plaintiff's age discrimination claims (*Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825 [1990], *affg* 150 AD2d 187 [1989]; *Malloy v Trombley*, 50 NY2d 46 [1980]).

Accordingly, the age discrimination claims should have been dismissed (*see e.g. Hemingway v Pelham Country Club*, 14 AD3d 536 [2005]; *Almanzar v Collegiate Church Corp.*, 255 AD2d 230 [1998]; *see also Schwaller v Squire Sanders & Dempsey*, 249 AD2d 195 [1998]). Concur—Saxe, J.P., Marlow, Ellerin, Gonzalez and McGuire, JJ.