**WOMEN'S INTERART CENTER INC., Plaintiff–Appellant,**

v.

**NEW YORK CITY ECONOMIC DE-VELOPMENT CORPORATION, An-drew M. Alper, President of EDC, Jerilyn Perine, Commissioner, De-partment of Housing Preservation and Development, The City of New York, Daniel Doctoroff, Deputy May-or, Michael Bloomberg, Mayor, City of New York, Defendants–Appellees.**

No. 05–4871–cv.

United States Court of Appeals, Second Circuit.

Jan. 3, 2007.

Mariann Meier Wang (Matthew D. Brinckerhoff, on the brief), Emery Celli Brinckerhoff & Abady LLP, New York, NY, for Plaintiff–Appellant.

Dona B. Morris (Michael A. Cardozo, Francis F. Caputo, Susan M. Shapiro, on the brief), Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JON O. NEWMAN, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Women's Interart Center, Inc. ("the Center") appeals from the August 2005 judgment of the District Court for the Southern District of New York granting summary judgment to Defendants–Appellees New York City Economic Development Corporation ("EDC"), the City of New York ("the City"), and various City employees, including Jerilyn Perine, past Commissioner of the Department of Housing Preservation and Development ("HPD"). The Center filed the present lawsuit asserting state and federal claims after the EDC terminated its contract to sell the Center a building that was to become the Interart Rehearsal Studio and Cultural Center ("IRSC"). We assume the parties' familiarity with the underlying facts and procedural history.

As the Center does not sufficiently challenge in its briefs the District Court's conversion of the Rule 12(b)(6) motion into a motion for summary judgment, or the striking of its motion for a preliminary injunction, only the grant of summary judgment on the two federal claims is before us. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir.1998). We review the District Court's grant of summary judgment de novo. See Steel Partners II, L.P. v. Bell Indus., Inc., 315 F.3d 120, 123 (2d Cir.2002). The District Court properly granted summary judgment in this case.

█ To establish a First Amendment retaliation claim, a plaintiff must show that "(1) his conduct was protected by the First Amendment, and (2) such conduct prompted or substantially caused defendant's action." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 91 (2d Cir.2002) (internal citations omitted).

With respect to the first requirement, neither party disputes that the Center's

affirmative litigation and public complaints in the 1980s concerning the proposed homeless shelter and development of the Clinton Urban Renewal Area constituted activity protected by the Petition Clause of the First Amendment. However, the parties dispute whether the Center's rent and repair disputes with the City in the 1990s were protected by the Petition Clause. For purposes of this appeal, we will assume that the Center's activities concerning these disputes were protected.

 With respect to the second requirement for establishing a First Amendment retaliation claim, the Center has failed to demonstrate that its protected activities in the 1990s prompted or substantially caused the EDC to terminate the contract. Even if Perine did know about these activities, and even if we assume that rent and repair disputes constitute activities protected by the First Amendment, the Center cannot show that Perine's animus was the sole or substantial motivating factor in the EDC's decision to terminate the contract of sale. Indeed, the evidence indicates that she was not involved at the time of termination. Conclusory allegations, which are not in short supply in the Center's briefs, cannot alone survive a motion for summary judgment. *See Ying Jing Gan v. City of New York,* 996 F.2d 522, 532 (2d Cir.1993).

The District Court properly granted summary judgment on the equal protection claim. No reasonable jury could find that the Center was similarly situated to the Ensemble Studio Theater ("EST"). *See Clubside, Inc. v. Valentin,* 468 F.3d 144, 159 (2d Cir.2006). The fact that the EST may have made an alternative proposal to develop the property in question does not in and of itself lead to the conclusion that it was in a similar situation as the Center with respect to the contract.

Finally, we note that the Center's attacks on Perine's professional reputation do not support its case and have no place in a brief to this Court. For the reasons stated above, the judgment of the District Court is hereby **AFFIRMED.**