■ WOMEN'S INTERART CENTER, INC., Appellant, v NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION (EDC) et al., Respondents. (And Another Action.) [883 NYS2d 527]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered March 6, 2008, which, to the extent appealed from as limited by the briefs, granted so much of defendants' dismissal motion as sought to collaterally estop plaintiff from relitigating certain allegations related to its claims for breach of contract, promissory estoppel and tortious interference with contract, unanimously affirmed, without costs.

This action arises out of an alleged breach of contract to acquire certain property to be used for a federally funded rehearsal studio and cultural center. Plaintiff was collaterally estopped from relitigating certain factual issues that are critical to plaintiff's claims for breach of contract, promissory estoppel and tortious interference with contract because those issues were decided after a full and fair opportunity to contest them (*see Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71 [1969]) in a prior federal action (*see* 2005 WL 1844611, 2005 US Dist LEXIS 10027 [SD NY 2005, Batts, J.], *affd* 212 Fed Appx 12 [2d Cir 2007]).

In particular, plaintiff was precluded from relitigating the issue of whether defendant EDC had "willfully, wrongfully, unilaterally and materially breached" its contract with plaintiff by "repeatedly raising the bar" for transfer of certain city property, because the District Court found that EDC had not repeatedly imposed new closing conditions but instead had insisted that plaintiff perform responsibilities assigned to it in the contract. As to the issue of whether defendant Perine had tortiously interfered with the contract by unjustifiably encouraging and inducing EDC to breach it, the District Court found that Perine's negative views of plaintiff stemmed from plaintiff's history of nonpayment of rent, illegal subletting and inability to gain consensus among other tenants in the building in favor of its performing arts project. Finally, whether HPD's refusal to begin eviction proceedings against the building's tenants without a memorandum of understanding was infected by procedural or substantive irregularities is an issue that was addressed specifically by the District Court, which found no such irregularities in HPD's decision.

These unequivocal factual findings were made by the District Court in the course of deciding a motion to dismiss that was converted to a summary judgment motion, which the District Court decided in a painstaking and comprehensive opinion. Prior to the motion, the parties engaged in comprehensive discovery with respect to plaintiff's claims predicated on federal

law; in the course of discovery, defendants turned over to plaintiff thousands of pages of documents and several depositions were conducted of key decision makers (who were employees of the various defendants) on the subject project. As these factual findings were actually litigated, squarely addressed and specifically decided, plaintiffs are collaterally estopped from relitigating them (*see Peterkin v Episcopal Social Servs. of N.Y., Inc.*, 24 AD3d 306 [2005]). Concur—Catterson, J.P., McGuire, Moskowitz, DeGrasse and Freedman, JJ.