Milione v. City University of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
         GERARD E. LYNCH,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
VINCENZO MILIONE,
         Plaintiff-Appellant,

         -v.-                                    13-2761

CITY UNIVERSITY OF NEW YORK, MATTHEW
GOLDSTEIN as CHANCELLOR of CITY
UNIVERSITY OF NEW YORK, JAMES MUYSKENS
as PRESIDENT OF QUEENS COLLEGE, and
ANTHONY TABURRI as DEAN OF THE JOHN D.
CALANDRA ITALIAN AMERICAN INSTITUTE,
         Defendants-Appellees.*
- - - - - - - - - - - - - - - - - - - -X

_____

         *    The Clerk of Court is directed to amend the caption as above.

**FOR APPELLANT:** CLAUDIO DEBELLIS, Walsh Markus McDougal & DeBellis, LLP, Garden City, New York.

**FOR APPELLEES:** BETH L. KAUFMAN, Schoeman, Updike, Kaufman, Stern & Ascher, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Vincenzo Milione appeals from the judgment of the United States District Court for the Southern District of New York (Hellerstein, J.), granting summary judgment in favor of defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Calandra Institute (the "Institute") of the City University of New York ("CUNY") was created by the New York State legislature in 1979 to foster higher education among Italian Americans. Milione, an Italian American, began working at the Calandra Institute as a research associate in 1987. In 1990, Milione filed a complaint with the Department of Labor after CUNY denied him a promotion at City College. The matter was settled in 1990. When Milione's supervisor also sued CUNY, on the grounds that it discriminated against Italian Americans, Milione testified in support. A settlement was reached in 1994, providing for the Calandra Institute to be integrated into Queens College. In 1995, Milione became "Director for Research and Education" at the Calandra Institute, overseeing research related to CUNY's compliance with its Italian-American affirmative action programs.

In March 2006, Anthony Tamburri was named Dean of the Institute. Tamburri promptly suggested various personnel changes, including altering Milione's title.

In June 2006, Milione gave a presentation to the New York Conference of Italian-American State Legislators

2

critical of CUNY's Italian-American affirmative action programs and CUNY's progress in eliminating discrimination against Italian Americans. Milione presented a similarly critical report to the CUNY chancellor's office in October 2006. Milione claims that after these presentations, Tamburri instructed him not to publicly present his research findings without Tamburri's prior approval.

In a letter dated August 7, 2007, Tamburri changed Milione's job title, naming him "Director of Demographic Studies." Salary and benefits were unaffected; but he claims he was stripped of his staff and prevented from effectively pursuing his research on Italian-American affirmative action, and thus effectively demoted, in retaliation for his 1990 complaint to the Labor Department, his 1992 testimony in the Scelsa lawsuit, and his activities in support of Italian-American affirmative action. Milione filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 10, 2008. A Notice of Right to Sue was issued April 15, 2010, and Milione brought this action on July 12, 2010, alleging claims for intentional discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(m), and related claims under New York state law.

On June 21, 2013, the district court granted summary judgment to Defendants on Milione's federal claims and declined to exercise supplemental jurisdiction over Milione's state law claims. This appeal followed.

Milione appeals the grant of summary judgment to CUNY on his intentional discrimination and retaliation claims under Title VII. See 42 U.S.C. § 2000e-2(m); 42 U.S.C. § 2000e-3(a). Milione's discrimination claim is analyzed under the burden-shifting framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this framework, the "plaintiff must first establish a prima facie case by demonstrating that: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered adverse employment action; and (4) the action occurred under conditions giving rise to an inference of discrimination." Demoret v. Zegarelli, 451 F.3d 140, 151 (2d Cir. 2006). The McDonnell Douglas burden-shifting likewise applies to Milione's retaliation claims. See Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 94 (2d Cir. 2001). "To establish a prima facie case of retaliation, an employee must show [1] participation in a

3

protected activity known to the defendant; [2] an employment action disadvantaging the plaintiff; and [3] a causal connection between the protected activity and the adverse employment action." Richardson v. Comm'n on Human Rights & Opportunities, 532 F.3d 114, 123 (2d Cir. 2008) (citation and internal quotation marks omitted).

"If the plaintiff demonstrates a prima facie case, the burden shifts to the defendant employer to provide a legitimate, non-discriminatory reason for the action." Demoret, 451 F.3d at 151. Finally, if the defendant makes such a showing, the plaintiff bears the ultimate burden of persuasion to prove intentional discrimination or retaliation, "for example, by showing that the employer's proffered reason is pretextual." Id.

Milione does not appear to argue on appeal that he was discriminated against on the basis of his national origin. Indeed, he testified that he does not believe Dean Tamburri (himself an Italian American) was motivated by Milione's Italian-American status. Milione Dep. at 290. Rather, he "has argued and continues to argue that he was not only retaliated against because of his association and advocacy on behalf of Italian Americans, [but that] he was discriminated against for those very same reasons." Reply Br. 25 (emphasis added); see also Compl. ¶ 39 (alleging he suffered adverse employment actions "based on his national origin as an Italian American and his activities in furtherance of Italian American causes").

It is unclear how Milione's discrimination-by-association differs from his retaliation claim. Cf. Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010) ("Gorzynski's retaliation claim relating to race is not based on any discrimination she herself faced, but, rather, on concerns she expressed on behalf of an African-American coworker."). Distinct or not, they fail for the same reason: Milione cannot show that CUNY's proffered reasons for the adverse employment actions are mere pretext under McDonnell Douglas.

"To dispel the inference of discrimination arising from the establishment of a prima facie case, [an employer] is required to articulate--but not prove--a legitimate, non-discriminatory reason" for the adverse action," and that "explanation must be clear and specific." Dister v.

4

Continental Group, Inc., 859 F.2d 1108, 1115 (2d Cir. 1988) (citations and internal quotation marks omitted).

Tamburri explained that Milione's title change accurately reflects his research activities and position below Dean Tamburri.  Milione cannot dispute that Tamburri, as the new Dean, was entitled to delineate the responsibilities and duties of his employees and set his own agenda for the Calandra Institute.  When appointed Dean in March 2006, Tamburri stated that he would make personnel changes, which included changing Milione's title.  Between May 2007 and March 2008, Tamburri modified the titles of six Institute employees.  Tamburri also told all Calandra staff members (not only Milione) that he would approve all official, public communications regarding the Institute.  In addition, Tamburri had concerns regarding Milione's inability to take direction and work regular hours.  Defendants therefore have sustained their burden of articulating a legitimate reason for their actions, shifting the burden to Milione to show that those reasons are mere pretext for unlawful retaliation.

To do so, Milione must provide competent "evidence that--at a minimum--create[s] a genuine issue of fact as to [Defendants'] offered reasons or as to a discriminatory motive." Dister, 859 F.2d at 1115.  Having carefully reviewed the record, we detect no genuine issue of fact as to Defendants' reasons for taking the alleged adverse employment actions or Defendants' motivation.

Although Dean Tamburri objected to Milione giving presentations to outside groups without advance clearance, the record does not show that Tamburri intended to retaliate against Milione because he advocated against discrimination, or that Tamburri was discriminating against Italian Americans in disciplining Milione.

Milione fails to provide evidence that Tamburri's plan to alter his job title, originally articulated in March 2006, was motivated by discriminatory animus.  We therefore affirm the dismissal of Milione's Title VII claims.

Milione also argues that the district court erred in issuing a protective order precluding the deposition of then-CUNY Chancellor Matthew Goldstein.  Under Federal Rule of Civil Procedure 26(c), a "party . . . may move for a protective order . . . to protect a party or person from

5

annoyance, embarrassment, oppression, or undue burden or expense . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). "We review an order granting a protective order for abuse of discretion, which we will find only if the district court's decision rests on an error of law or a clearly erroneous finding of fact, or if the decision cannot be located within the range of permissible outcomes." See Lederman v. N.Y.C. Dep't of Parks & Recreation, 731 F.3d 199, 202 (2d Cir. 2013) (citation omitted).

Nothing in the record supports Milione's contention that Goldstein had personal knowledge of Milione's employment (much less any relevant knowledge). That copies of letters relating to the change in Milione's job responsibilities were sent to the Chancellor's office is no basis to conclude otherwise, as "Chancellor Goldstein overs[aw] 24 colleges and professional schools in the New York City area, including Queens College. He did not supervise [Milione] or the Calandra Institute." Milione v. City Univ. of N.Y., 950 F. Supp. 2d 704, 714 (S.D.N.Y. 2013). Thus, Milione failed to show a need for Goldstein's testimony--particularly given that Milione conducted depositions of Dean Tamburri and the President of Queens College, James Muyskens. Accordingly, the district court's protective order was no abuse of discretion.

For the foregoing reasons, and finding no merit in Milione's other arguments, we hereby **AFFIRM** the judgment of the district court.[1]

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK
                                        By:

---

[1]     We understand that, because the district court dismissed all of Milione's federal claims, it declined to exercise supplemental jurisdiction over his state law claims and dismissed them without prejudice. We conclude that the district court did not abuse its discretion in so doing. See Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994).