13-997-cv
Karimian v. Time Equities, Inc. et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                     *Circuit Judges.*

_____

BIJAN KARIMIAN,

                     *Plaintiff-Appellant*,

             -v-                                          13-997-cv

TIME EQUITIES, INC., FRANCIS GREENBURGER,
ROBERT KANTOR, HYMAN SCHERMER,
in their individual and official capacities,[*]

                     *Defendants-Appellees*.

_____

Appearing for Appellant:     Stewart Lee Karlin, The Law Offices of Stewart Lee Karlin, P.C., New York, N.Y.

Appearing for Appellees:     Marjorie N. Kaye, Jr., Jackson Lewis, P.C., Philadelphia, PA.


Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

_____

[*] The Clerk of the Court is directed to amend the case caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Bijan Karimian appeals from a January 23, 2013 order and January 24, 2013 judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*), granting defendants-appellees Time Equities Inc. ("TEI"), Francis Greenburger, Robert Kantor, and Hyman Schermer's motion for summary judgment on his hostile work environment, retaliation, and national origin discrimination claims brought pursuant to Title VII and declining to exercise supplemental jurisdiction over the remaining state law claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review the grant of summary judgment de novo, drawing all inferences in favor of the nonmoving party." *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).

In an employment discrimination or retaliation case, summary judgment may be granted "if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 148 (2000); *see also Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000). Viewed in the light most favorable to Karimian, the record contains an overabundance of evidence of TEI's legitimate, nonretaliatory, and nondiscriminatory reasons for having laid Karimian off: that is, the company's significant cost-reduction measures—taken in plaintiff's department and others—in the wake of the 2008 financial downturn. No reasonable juror could conclude that bias against those of Iranian national origin motivated his discharge. Nor could a reasonable juror find that retaliation for complaining about Schermer's comments was a but-for reason for laying him off, *see Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 2---, 133 S. Ct. 2517, 2534 (2013). Accordingly, we affirm the district court's grant of summary judgment on Karimian's retaliation and national origin discrimination claims.

We also affirm the dismissal of plaintiff's hostile work environment claim. Drawing all inferences in Karimian's favor, Schermer made several general comments about Israel bombing Iran, and one specific comment about Karimian's "Iranian ass." On this record, no reasonable factfinder would conclude that the workplace was "permeated with discriminatory intimidation, ridicule, and insult," *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted), or that the environment "alter[ed] the conditions" of Karimian's employment, *id.* *See also Petrosino v. Bell Atl.*, 385 F.3d 210, 223 (2d Cir. 2004) ("Simple teasing, offhand comments, or isolated incidents of offensive conduct (unless extremely serious) will not support a claim of discriminatory harassment.").

2

We have considered Karimian's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3