■ VINCENZO MILIONE, Appellant, v CITY UNIVERSITY OF NEW YORK et al., Respondents. [59 NYS3d 796]—

In an action, inter alia, to recover damages for discrimination, retaliation, and a hostile work environment in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered December 3, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Administrative Code of the City of New York § 8-107 as barred by the doctrine of collateral estoppel, and denied, as academic, his cross motion for discovery pursuant to CPLR 3212 (f).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is an Italian American employed by the City University of New York (hereinafter CUNY). In 2010, the plaintiff commenced an action in federal court under titles VI and VII of the Civil Rights Act of 1964, the New York State Human Rights Law (see Executive Law § 296) (hereinafter NYSHRL), and the New York City Human Rights Law (see Administrative Code of City of NY § 8-107) (hereinafter NYCHRL) against CUNY, Matthew Goldstein, as Chancellor of CUNY, Queens College, James Muyskens, as President of Queens College, the John D. Calandra Italian American Institute of the City University of New York (hereinafter Calandra), and Anthony Tamburri, as the Dean of Calandra (hereinafter collectively the defendants), alleging that the defendants discriminated and retaliated against him based on his national origin and his advocacy for Italian Americans. The

defendants moved for summary judgment dismissing the complaint. The District Court for the Southern District of New York granted the defendants' motion, dismissed the federal claims, and declined to exercise supplemental jurisdiction over the state and local claims. The United States Court of Appeals for the Second Circuit affirmed the District Court's order.

The plaintiff then commenced this action against the defendants, inter alia, to recover damages for discrimination based upon his national origin and his advocacy on behalf of Italian Americans, for retaliation against him for his advocacy on behalf of Italian Americans and opposition to the defendants' alleged continued discrimination of Italian Americans, and for creating, causing, or contributing to a hostile and abusive work environment, in violation of NYSHRL and NYCHRL. The defendants moved, among other things, for summary judgment dismissing the complaint. The plaintiff cross-moved for discovery pursuant to CPLR 3212 (f). The Supreme Court granted the defendants' motion, determining, inter alia, that the plaintiff's claims under NYSHRL and NYCHRL were barred by the doctrine of collateral estoppel, and denied, as academic, the plaintiff's cross motion. The plaintiff appeals, contending that the court erred in granting dismissal of his claims brought under NYCHRL, and in denying his cross motion.

"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). "Collateral estoppel comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (*Conason v Megan Holding, LLC*, 25 NY3d 1, 17 [2015]; *see Clifford v County of Rockland*, 140 AD3d 1108, 1109 [2016]). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (*Matter of Dunn*, 24 NY3d 699, 704 [2015], citing *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [1985]).

Where a federal court declines to exercise jurisdiction over a

plaintiff's state law claims, collateral estoppel may still bar those claims provided that the federal court decided issues identical to those raised by the plaintiff's state claims (*see Clifford v County of Rockland*, 140 AD3d at 1110; *Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 AD3d 18, 23 [2014]).

In the federal action, the District Court determined that the defendants had legitimate, nondiscriminatory reasons for their employment actions, they were not motivated by retaliatory animus, their reasons were not a pretext for discrimination, and the plaintiff was not treated differently than other employees (*see Milione v City Univ. of N.Y.*, 950 F Supp 2d 704 [SD NY 2013]). The Second Circuit affirmed the order of the District Court (*see Milione v City Univ. of N.Y.*, 567 Fed Appx 38 [2d Cir 2014]). As such, the determinations rendered by the federal courts are dispositive of the plaintiff's claims under NYSHRL and NYCHRL, even under the broader standard of NYCHRL (*see Simmons-Grant v Quinn Emanuel Urquhart & Sullivan, LLP*, 116 AD3d 134, 139 [2014]; *cf. Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 AD3d at 23).

Under the circumstances, the defendants met their burden of demonstrating that the issues raised in this action are identical to those decided against the plaintiff in the federal action. In opposition, the plaintiff failed to demonstrate that he did not have a full and fair opportunity to litigate those issues. Accordingly, the Supreme Court properly determined that the plaintiff's claims under NYSHRL and NYCHRL were barred by the doctrine of collateral estoppel (*see Simmons-Grant v Quinn Emanuel Urquhart & Sullivan, LLP*, 116 AD3d at 139; *see also Hudson v Merrill Lynch & Co., Inc.*, 138 AD3d 511, 517 [2016]).

In light of our determination, we need not reach the defendants' remaining contention.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action at issue on this appeal, and denied, as academic, the plaintiff's cross motion for discovery pursuant to CPLR 3212 (f). Dillon, J.P., Austin, Roman and Cohen, JJ., concur.