Karimian v Time Equities, Inc. (2018 NY Slip Op 05583)





Karimian v Time Equities, Inc.


2018 NY Slip Op 05583


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-00319
 (Index No. 13026/13)

[*1]Bijan Karimian, appellant-respondent, 
v
Time Equities, Inc., et al., respondents-appellants.


Law Office of Ethan A. Brecher, LLC, New York, NY, for appellant-respondent.
Jackson Lewis P.C., New York, NY (Marjorie N. Kaye and Daniel D. Schudroff of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for discrimination and retaliation under Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated December 9, 2015, as granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the causes of action alleging violations of Administrative Code of the City of New York § 8-107 as barred by the doctrine of collateral estoppel, and the defendants cross-appeal from so much of the same order as, upon their request to treat those branches of their motion which were to dismiss the causes of action alleging breach of contract and for quantum meruit as seeking summary judgment pursuant to CPLR 3211(c) dismissing those causes of action, denied summary judgment with respect to those causes of action.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff, an Iranian American, was employed by the defendant Time Equities, Inc. (hereinafter Time Equities). In 2010, the plaintiff commenced an action in the United States District Court for the Southern District of New York against the defendants herein, Time Equities and individuals affiliated with the firm, alleging discrimination and hostile work environment based on race, national origin and gender, and retaliation under Title VII of the Civil Rights Act of 1964 (42 USC, ch 21, § 2000e et seq.; hereinafter Title VII), the New York State Human Rights Law (see Executive Law § 296) (hereinafter NYSHRL), and the New York City Human Rights Law (see Administrative Code of City of NY § 8-107) (hereinafter NYCHRL). The plaintiff also alleged causes of action to recover damages for breach of contract and for quantum meruit. The defendants moved for summary judgment dismissing the complaint, and the District Court granted the defendants' motion, dismissed the federal claims, and declined to exercise supplemental jurisdiction over the state and local claims. Thereafter, the District Court denied the plaintiff's motion for reconsideration (see Karimian v Time Equities, Inc., 2013 WL 2254557, 2013 US Dist LEXIS 74736 [SD NY, No.10-Civ-3773(AKH)]). The United States Court of Appeals for the Second Circuit [*2]affirmed the District Court's original order (see Karimian v Time Equities, Inc., 569 Fed. Appx 54 [2d Cir]). The Court explained that, "viewing the record in a light most favorable to the plaintiff, there was an overabundance of evidence' of legitimate, nonretaliatory, and nondiscriminatory reasons' for terminating the plaintiff's employment, that is, the company's significant cost-reducing measures—taken . . . in the wake of the 2008 financial downturn" (id. at 55). The Second Circuit further found that "[n]o reasonable juror could conclude that bias against those of Iranian national origin motivated the discharge" or that the plaintiff's discharge was in retaliation for his complaint about a coworker's allegedly discriminatory conduct, or that he was subjected to a hostile work environment (id.).
In 2013, the plaintiff commenced this action in the Supreme Court alleging discrimination and hostile work environment based on race, national origin, and gender, and retaliation under NYSHRL and NYCHRL. The plaintiff also alleged causes of action to recover damages for breach of contract and for quantum meruit. The defendants moved pursuant to CPLR 3211 to dismiss the complaint. The Supreme Court granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the causes of action under NYSHRL and NYCHRL as barred by the doctrine of collateral estoppel, and, upon their request to treat those branches of their motion which were to dismiss the causes of action alleging breach of contract and for quantum meruit as seeking summary judgment pursuant to CPLR 3211(c) dismissing those causes of action, denied summary judgment with respect to those causes of action on the ground that there were issues of fact. The plaintiff appeals, contending that the court erred in granting dismissal of the causes of action under NYCHRL, and the defendants cross-appeal, contending the court erred in denying summary judgment with respect to the causes of action alleging breach of contract and for quantum meruit.
A party may move for judgment dismissing one or more causes of action asserted against him or her on the ground that the cause of action may not be maintained because of collateral estoppel (see CPLR 3211[a][5]). The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). The doctrine of collateral estoppel applies when: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [internal quotation marks omitted]). "Where a federal court declines to exercise jurisdiction over a plaintiff's state law claims, collateral estoppel may still bar those claims provided that the federal court decided issues identical to those raised by the plaintiff's state claims" (Milione v City Univ. of N.Y., 153 AD3d 807, 808-809; see Clifford v County of Rockland, 140 AD3d 1108, 1110; Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP, 120 AD3d 18, 23)
The provisions of NYCHRL must be "construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof," regardless of whether similarly worded federal or New York State civil and human rights laws have been so construed (Administrative Code of City of NY § 8-130[a]; see Makinen v City of New York, 30 NY3d 81, 87; Albunio v City of New York, 16 NY3d 472, 477; Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158, 1161). Accordingly, a cause of action asserted pursuant to NYCHRL must be analyzed independently from similar or identical causes of action asserted pursuant to Title VII and/or NYSHRL. However, where a prior factual determination rendered with regard to a Title VII or NYSHRL cause of action is determinative of a cause of action asserted pursuant to NYCHRL in a subsequent action, the NYCHRL cause of action may be barred pursuant to the doctrine of collateral estoppel (see Milione v City Univ. of N.Y., 153 AD3d 807; Simmons-Grant v Quinn Emanuel Urquhart & Sullivan, LLP, 116 AD3d 134, 139; Peterkin v Episcopal Social Servs. of N.Y., Inc., 24 AD3d 306, 308).
Here, the factual determinations made by the federal courts with regard to the causes of action alleging discrimination, retaliation, and hostile work environment under Title VII were determinative of the plaintiff's identical claims asserted in this action pursuant to NYCHRL (see [*3]Milione v City Univ. of N.Y., 153 AD3d 807; Simmons-Grant v Quinn Emanuel Urquhart & Sullivan, LLP, 116 AD3d at 139; Peterkin v Episcopal Social Servs. of N.Y., Inc., 24 AD3d at 308). Accordingly, we agree with the Supreme Court's determination to grant dismissal of those causes of action as barred by the doctrine of collateral estoppel.
With respect to the defendants' cross appeal, CPLR 3211(c) provides, "[u]pon the hearing of a motion made under subdivision (a) or (b), either party may submit any evidence that could properly be considered on a motion for summary judgment. Whether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment." Although the path the defendants took in moving pursuant to CPLR 3211(c) was procedurally questionable, they charted their own course in this instance. There was no need to give the plaintiff an opportunity to file additional papers because the defendants failed to establish their prima facie entitlement to judgment as a matter of law by failing to tender sufficient evidence to eliminate any issues of fact with respect to those causes of action. Accordingly, the defendants were properly denied summary judgment, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach (see Tri-Star Light. Corp. v Goldstein, 151 AD3d 1102, 1105; Hampshire Props. v BTA Bldg. & Developing, Inc., 122 AD3d 573, 573; JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803). Contrary to their contention, the defendants failed to meet their prima facie burden of demonstrating that they did not breach a contract as alleged by the plaintiff. The evidence submitted by the defendants was not sufficient to establish that the contract was unenforceable as based solely on past consideration and/or that the defendants honored their contractual obligations by paying the plaintiff a $14,000 bonus in 2008. In light of the defendants' failure to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging breach of contract, that branch of their motion which was to dismiss that cause of action was properly denied regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The elements necessary to establish a cause of action for quantum meruit are the performance of services in good faith, acceptance of services by the person to whom they are rendered, expectation of compensation therefor, and reasonable value of the services rendered (see Evans-Freke v Showcase Contr. Corp., 85 AD3d 961, 962; AHA Sales, Inc. v Creative Bath Products, Inc., 58 AD3d 6, 19; Tesser v Allboro Equip. Co., 302 AD2d 589, 590). Where there is a bona fide dispute as to the existence of a contract, a plaintiff may proceed upon a theory of quasi-contract as well as breach of contract, and is not required to elect his or her remedies (see AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d at 20; Hochman v LaRea, 14 AD3d 653, 655; Zuccarini v Ziff-Davis Media, 306 AD2d 404, 405). Contrary to the defendant's contention, the evidence submitted by them failed to establish as a matter of law that the plaintiff could not establish the reasonable value of his services and/or that the plaintiff was compensated for his services. Accordingly, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover in quantum meruit, and that branch of their motion was properly denied regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court