Williams v New York City Tr. Auth. (2019 NY Slip Op 02747)





Williams v New York City Tr. Auth.


2019 NY Slip Op 02747


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2017-02335
 (Index No. 505636/16)

[*1]Ira C. Williams, Jr., respondent-appellant,
v
New York City Transit Authority, et al., appellants-respondents.


James B. Henly, Brooklyn, NY (Robert K. Drinan of counsel; Ryan Persad on the brief), for appellants-respondents.
Irene Donna Thomas, New York, NY, for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of race and age in violation of the New York State Human Rights Law (Executive Law § 290 et seq.) and the New York City Human Rights Law (Administrative Code of the City of New York § 8-107), the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated January 26, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the causes of action alleging violations of the New York City Human Rights Law. The order, insofar as cross-appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the causes of action alleging violations of the New York State Human Rights Law.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the causes of action alleging violations of the New York City Human Rights Law is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff is an employee of the defendant New York City Transit Authority (hereinafter NYCTA). In 2009 to 2010, the plaintiff sought a job promotion. The plaintiff alleges, inter alia, that he was initially informed by a supervisor that he would be awarded the promotion, but that, after a second round of interviews, another NYCTA superior, the defendant Sally Librera, then recommended a different candidate for the position. The plaintiff alleges that the candidate who was selected lacked the plaintiff's qualifications and experience. The plaintiff further alleges that he was discriminated against based on his race (African-American) and age (age 59 at the relevant time). The plaintiff ultimately was awarded the promotion following a third series of interviews and a 10-month delay.
In March 2010, the plaintiff commenced an action against the defendants in the [*2]United States District Court for the Eastern District of New York. In that action, the plaintiff alleged discrimination in employment based on race and age, in violation of Title VII of the Civil Rights Act of 1964 (42 USC, ch 21, § 2000 et seq.; hereinafter title VII) and the Age Discrimination in Employment Act (29 USC, ch 14, § 621 et seq.; hereinafter ADEA). The plaintiff also asserted causes of action pursuant to the New York State Human Rights Law (Executive Law § 290 et seq.; hereinafter NYSHRL) and pursuant to the New York City Human Rights Law (Administrative Code of the City of New York § 8-107; hereinafter NYCHRL). The District Court granted the defendants' motion for summary judgment dismissing the federal causes of action, and declined to exercise supplemental jurisdiction over the NYSHRL and NYCHRL causes of action (see Williams v New York City Transit Authority, 2014 WL 11474810, 2014 US Dist LEXIS 186940 [ED NY]). That order was subsequently affirmed by the United States Court of Appeals for the Second Circuit (see Williams v New York City Transit Authority, 620 Fed Appx 63 [2d Cir 2015]).
In the instant action, the plaintiff alleges that the defendants engaged in discriminatory actions in violation of the NYSHRL and NYCHRL.
We agree with the Supreme Court's determination that, based on the prior federal determination, the plaintiff is collaterally estopped from asserting the NYSHRL causes of action. The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). The doctrine of collateral estoppel applies when: " (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits'" (Conason v Megan Holding, LLC, 25 NY3d 1, 17, quoting Alamo v McDaniel, 44 AD3d 149, 153). "Where a federal court declines to exercise jurisdiction over a plaintiff's state law claims, collateral estoppel may still bar those claims provided that the federal court decided issues identical to those raised by the plaintiff's state claims" (Milione v City Univ. of N.Y., 153 AD3d 807, 808-809; see Karimian v Time Equities, Inc., 164 AD3d 486, 488; Clifford v County of Rockland, 140 AD3d 1108, 1110).
Here, the factual determinations made by the District Court with respect to the causes of action alleging discrimination in violation of title VII and the ADEA were determinative of the cause of action asserted in this action pursuant to the NYSHRL (see Milione v City Univ. of N.Y., 153 AD3d at 809; Peterkin v Episcopal Social Servs. of N.Y. Inc., 24 AD3d 306, 307-308; see also Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158, 1159-1160). Further, the plaintiff was afforded a full and fair opportunity to litigate those issues in the federal action. Accordingly, we agree with the Supreme Court's determination directing dismissal of the NYSHRL causes of action (see Milione v City Univ. of N.Y., 153 AD3d at 809; Peterkin v Episcopal Social Servs. of N.Y. Inc., 24 AD3d at 307-308).
However, we disagree with the Supreme Court's determination that the District Court determination lacks preclusive effect with respect to the NYCHRL causes of action. New York City Administrative Code § 8-107(1)(a)(2) and (3) provide, as relevant: "It shall be an unlawful discriminatory practice . . . [f]or an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, . . . partnership status, sexual orientation . . . or alienage or citizenship status of any person, . . .[t]o refuse to hire or employ or to bar or to discharge from employment such person; or [t]o discriminate against such person in compensation or in terms, conditions or privileges of employment."
The NYCHRL is construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (Albunio v City of New York, 16 NY3d 472, 477-478; see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 34). Thus, where an adverse employment action is shown to be "motivated by racial or ethnic animus, even in part, the defendant may be held liable" under the NYCHRL (Singh v Covenant Aviation Sec., LLC, 131 AD3d at 1161; see Nelson v HSBC Bank USA, 87 AD3d 995, 999). The NYCHRL has been interpreted as requiring "that unlawful discrimination play no role' in an employment decision" (Singh v Covenant Aviation Sec., LLC, 131 [*3]AD3d at 1161, quoting Bennett v Health Mgt. Sys., Inc., 92 AD3d at 40; see Nelson v HSBC Bank USA, 87 AD3d at 999).
Here, the District Court determined that the defendants had legitimate, nondiscriminatory reasons for their employment actions; that the defendants were not motivated by retaliatory animus; that the reasons for the defendants' employment actions were not a pretext for discrimination; and that the plaintiff was not treated differently from other employees. Thus, even under the broader standard of the NYCHRL, those determinations nonetheless require dismissal of the plaintiff's causes of action (see Milione v City Univ. of N.Y., 153 AD3d at 809; Simmons-Grant v Quinn Emanuel Urquhart & Sullivan, LLP, 116 AD3d 134, 139). Accordingly, the Supreme Court also should have granted that branch of the defendants' motion which was to dismiss the causes of action alleging violations of the NYCHRL.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court