Domingo v Avis Budget Group, Inc. (2023 NY Slip Op 04463)

Domingo v Avis Budget Group, Inc.

2023 NY Slip Op 04463

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-02638
 (Index No. 709558/20)

[*1]Stacia Domingo, appellant, 
v
Avis Budget Group, Inc., et al., respondents.

Derek Smith Law Group, PLLC, New York, NY (Daniel S. Kirschbaum of counsel), for appellant.
Littler Mendelson, P.C., New York, NY (A. Michael Weber and Miguel A. Lopez of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination and retaliation in violation of the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Queens County (Donna-Marie E. Golia, J.), entered March 19, 2021. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging hostile work environment, retaliation, interference, and aiding and abetting.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging hostile work environment and aiding and abetting, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
In or about September 2018, the plaintiff commenced an action in the United States District Court for the Eastern District of New York (hereinafter the District Court) against her former employers, Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and AB Car Rental Service, Inc. (hereinafter collectively the Avis defendants), and individual employees of the Avis defendants. In that action, the plaintiff alleged, inter alia, employment discrimination and hostile work environment based on gender and retaliation under Title VII of the Civil Rights Act of 1964 (42 USC, ch 21, § 2000e et seq.; hereinafter Title VII), the New York State Human Rights Law (Executive Law § 296; hereinafter NYSHRL), and the New York City Human Rights Law (Administrative Code of City of [*2]NY § 8-107; hereinafter NYCHRL). The defendants moved for summary judgment dismissing the complaint. The District Court granted the defendants' motion, dismissed the federal and state claims, and declined to exercise supplemental jurisdiction over the local claims.
The plaintiff then commenced this action in the Supreme Court, Queens County, against the defendants, alleging, among other things, hostile work environment, retaliation, interference, and aiding and abetting under NYCHRL. The defendants moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint. In an order entered March 19, 2021, the court granted the defendants' motion, determining that the causes of action under NYCHRL were barred by the doctrine of collateral estoppel. The plaintiff appeals from so much of the order as granted those branches of the defendants' motion which were to dismiss the causes of action alleging hostile work environment, retaliation, interference, and aiding and abetting.
"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). Collateral estoppel only applies when: "'(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits'" (Williams v New York City Tr. Auth., 171 AD3d 990, 991-992, quoting Conason v Megan Holding, LLC, 25 NY3d 1, 17 [internal quotation marks omitted]). "'Where a federal court declines to exercise jurisdiction over a plaintiff's state law claims, collateral estoppel may still bar those claims provided that the federal court decided issues identical to those raised by the plaintiff's state claims'" (Williams v New York City Tr. Auth., 171 AD3d at 992, quoting Milione v City Univ. of N.Y., 153 AD3d 807, 808-809).
"The provisions of NYCHRL must be 'construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof,' regardless of whether similarly worded federal or New York State civil and human rights laws have been so construed" (Karimian v Time Equities, Inc., 164 AD3d 486, 488, quoting Administrative Code of City of NY § 8-130[a]; see Makinen v City of New York, 30 NY3d 81, 87). Thus, "a cause of action asserted pursuant to NYCHRL must be analyzed independently from similar or identical causes of action asserted pursuant to Title VII and/or NYSHRL" (Karimian v Time Equities, Inc., 164 AD3d at 488-489). Nevertheless, "where a prior factual determination rendered with regard to a Title VII or NYSHRL cause of action is determinative of a cause of action asserted pursuant to NYCHRL in a subsequent action, the NYCHRL cause of action may be barred pursuant to the doctrine of collateral estoppel" (id. at 489; see Williams v New York City Tr. Auth., 171 AD3d at 993; Milione v City Univ. of N.Y., 153 AD3d at 809).
Here, the factual determinations made by the District Court with regard to the cause of action alleging retaliation under Title VII and NYSHRL were determinative of the causes of action alleging retaliation and interference asserted in this action pursuant to NYCHRL (see Williams v New York City Tr. Auth., 171 AD3d at 993; Karimian v Time Equities, Inc., 164 AD3d at 489; Milione v City Univ. of N.Y., 153 AD3d at 809).
However, the Supreme Court erred in granting dismissal of the cause of action alleging hostile work environment pursuant to CPLR 3211(a)(5). The District Court analyzed the [*3]hostile work environment claims under the standards set by Title VII and NYSHRL, and determined that those claims were neither "pervasive" nor "extraordinarily severe." Under NYCHRL, a claimant must only prove that they were "treated less well than other employees" because of their gender (Nelson v HSBC Bank USA, 87 AD3d 995, 999). As the plaintiff's allegations of sexual harassment and improper touching could constitute "more than petty slights and trivial inconveniences" without rising to the level of being severe and pervasive, Supreme Court should not have granted dismissal of this cause of action pursuant to the doctrine of collateral estoppel (id. at 1000).
Furthermore, the factual determinations of the District Court were not determinative of the cause of action alleging aiding and abetting, and the plaintiff sufficiently alleged this cause of action to survive a motion to dismiss (see Administrative Code of City of NY § 8-107[6]).
Accordingly, we modify the order so as to deny those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging hostile work environment and aiding and abetting.
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court